**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0464n.06
Filed: June 6, 2005

No. 04-5477

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

VERDELL LOGGINS,
    *Defendant-Appellant*.

_____/

On Appeal from the
United States District Court for
the Western District of Tennessee

BEFORE: KENNEDY and COOK, Circuit Judges; and VARLAN, District Judge.[*]

KENNEDY, Circuit Judge. The Defendant, Verdell Loggins, pled guilty to 1) knowingly transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312 and 2) selling a known stolen motor vehicle that had crossed a state boundary after being stolen in violation of 18 U.S.C. § 2313. The Defendant's Guideline recommended sentencing range was 41 to 51 months. The district court, however, departed upward pursuant to United States Sentencing Guideline (U.S.S.G.) § 4A1.3 and sentenced the defendant to seventy-two months' imprisonment. The Defendant appeals his sentence, arguing that the district court 1) imposed it in violation of *United States v. Booker* and that it 2) failed to adequately explain the reasons for its § 4A1.3 upward departure. For the reasons that follow, we AFFIRM.

---

[*] The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

BACKGROUND

As the Defendant appeals only his sentence, we need recount only those facts relating to its computation. The presentence report assigned the Defendant a base offense level of 6 pursuant to U.S.S.G. § 2B1.1 ("Offenses involving stolen property."). It then added 12 levels under § 2B1.1(b)(1) because the amount of loss ($240,752) was more than $200,000 but less than $400,000. It then subtracted three levels under § 3E1.1 for acceptance of responsibility, thus arriving at a total offense level of 15. The presentence report further assigned the Defendant to a criminal history category of VI based upon his 33 criminal history points. Although the Defendant had a subtotal of 30 criminal history points, two points were added pursuant to § 4A1.1(d) because the Defendant committed the instant offense while under supervised release, and an additional point was added pursuant to § 4A1.1(e) because the Defendant committed the instant offense less than two years after release from imprisonment. According to the sentencing table,13 or more criminal history points establishes a criminal history category of VI. The Defendant's various felony convictions, which were used to calculate his criminal history category of 33, covered a fifteen year period and involved either stealing property or obtaining property under false pretenses. Moreover, the report outlined twelve separate criminal offenses that were not included in the Defendant's criminal history calculation because they were outside of the time period set out by § 4A1.2(e). The report then noted that, based upon the Defendant's offense level and criminal history category, the Guideline recommended imprisonment range was 41 to 51 months. Finally, the report noted that the

2

district court may consider departing upward from the applicable guideline range pursuant to § 4A1.3 in light of the Defendant's extensive criminal history.

The district court adopted the presentence report's recommendation regarding the Defendant's total offense level and criminal history category. The district court then decided to depart upward four levels to a total offense level of 19 pursuant to § 4A1.3 and sentenced the Defendant to 72 months' incarceration. The court noted that § 4A1.3 permits a court to depart upward when the court finds that a defendant's criminal history category under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. In departing upward, the district court noted that the Defendant had twenty more criminal history points than that required to put him in the highest criminal history category. Moreover, the court noted, of the Defendant's convictions that were used to calculate his criminal history category, his most recent conviction had been for the exact same offense as the instant offense (i.e., interstate transportation of a stolen vehicle), which, in that case, had also resulted in an upward departure. In the previous case, the district court sentenced the Defendant to 70 months' imprisonment, which is two months less than the district court's sentence in this case. The district court explained, "[Y]our record frankly belies . . . a person who has learned lessons . . . . And your criminal history is probably one of the highest that I have seen in terms of points . . . . Based upon your conduct, not only in this case but [also] in the previous [cases], the Court feels that an upward departure is appropriate . . . [because] I don't think that your criminal history category is properly represented by . . . the level of incarceration that is cited by the Sentencing Guidelines. . . . I think that [an upward departure] is appropriate[] based upon the fact

3

that you have not seen fit to abide by this Court or any Court's imposition of sentences or penalties on you. . . . [Y]ou have basically become in my opinion a professional thief."

ANALYSIS

In *United States v. Booker*, 125 S. Ct. 738, 755-56, the Supreme Court held that the Sixth Amendment as construed in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), applied to the federal sentencing guidelines. Thus, *Booker* made applicable to the Guidelines the Supreme Court's past holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" or else the Sixth Amendment is violated. *Id.* at 756. To remedy potential Sixth Amendment violations created by the Guidelines, the Court severed the statutory provisions that made the Guidelines mandatory in nature, thereby rendering the Guidelines "effectively advisory." *Id.* at 757. "Thus, while a district court must still give some consideration to the appropriate Guidelines range when making a sentencing determination, a court is no longer bound by the applicable Guidelines." *United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2005). "It is therefore erroneous for a district court to sentence a defendant based on the belief that the Guidelines are mandatory even if no Sixth Amendment violation results." *Id.* Since the Defendant failed to raise a *Booker* challenge to his sentence in district court, we can reverse only upon a showing of plain error. *Id.* at 380.

The Defendant argues that his Sixth Amendment right was violated when the district court departed upward pursuant to § 4A1.3. However, his Sixth Amendment right was not

4

violated by the upward departure because the Defendant's prior convictions were the basis for the departure. *See Booker*, 125 S. Ct. at 756 (A Sixth Amendment violation occurs when a district court has issued "a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict" based upon any fact (*other than a prior conviction*) not "admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)); *see also United States v. Bullock*, No. 02-5854, 2005 WL 820909, at *5-7, 19 (6th Cir. Apr. 11, 2005) (this court did not find a *Booker* violation when the district court departed upward on the basis of defendant Bullock's criminal history).

The Defendant also argues that his Sixth Amendment right was violated when the district court enhanced his offense level by 12 points pursuant to § 2B1.1(b)(1) on the ground that the court found that the value of the six vehicles he was responsible for stealing was greater than $200,000 but less than $400,000. The value of the vehicles that the Defendant stole ($240,752) was contained in the presentence investigation report. The Defendant did not object to the presentence report and thus is deemed to have admitted the facts therein. *See United States v. Stafford*, 258 F.3d 456, 475-76 (6th Cir. 2001); *United States v. Harris*, No. 04-1589, 2005 WL 894581, at *2 (6th Cir. Apr. 19, 2005). Therefore, he has admitted that the value of vehicles he stole was $240,752. Because the district court did not base the Defendant's sentence on any fact other than that which the Defendant admitted here (by not objecting to the presentence report), the Defendant's sentence did not violate the Sixth Amendment. *See Booker*, 125 S. Ct. at 756.

Even though there was no Sixth Amendment violation, the district court erred in determining the Defendant's sentence based upon the presumption that the Guidelines were mandatory. *United States v. Barnett*, 398 F.3d 516, 526-31. The Defendant, however, has not

argued that the district court erred in treating the Guidelines as mandatory. Therefore, we need not consider the issue. *See United States v. Murdock*, 398 F.3d 491, 502 (6th Cir. 2005) (suggesting that unless a defendant makes such an argument, the court will not consider it); *United States v. Milan*, 398 F.3d 445, 455 n. 7 (6th Cir. 2005) (same).

Even assuming that the Defendant had argued that plain error existed because the district court considered the Guidelines to be mandatory, the Defendant would have to show that the error affected his substantial rights. *See Webb*, 403 F.3d at 380. Under *Barnett*, when a district court sentences a defendant under the presumption that the Guidelines are mandatory, we presume that the defendant's substantial rights were affected. 398 F.3d at 529. This presumption can be rebutted when the "record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id*.

In *Webb*, the district court sentenced the defendant under the erroneous presumption that the Guidelines were mandatory and this court, following *Barnett*, presumed that the defendant's substantial rights were affected. The *Webb* court, however, found that this presumption was rebutted where the district court 1) sentenced the defendant to the maximum sentence possible within the applicable Guidelines range of 84-105 months, 2) referred to the defendant as a "menace," and 3) "actually considered an upward departure from the appropriate Guideline range." 403 F.3d at 382. The *Webb* court concluded that the "record indicates that the district court would have imposed the same sentence, if not a lengthier one, had the district court known that it was not bound by the Guidelines." *Id*. at 383. Similarly, in this case, we find that the evidence in the record rebuts the presumption that the Defendant's substantial rights were

6

affected by the district court's err in sentencing the Defendant under the understanding that the Guidelines were mandatory. For in this case, not only did the district court "actually consider" an upward departure from the appropriate Guideline range but it in fact departed upward from a Guideline recommended sentence of 41 to 51 months to impose a sentence of 72 months. Moreover, the court noted that the Defendant had twenty more criminal history points than that needed to put him in the highest criminal history category and, in the court's opinion, had become a "professional thief." Thus, since this record indicates that the district court would have imposed the same sentence, if not a lengthier one (as the statutory maximum for this offense is 120 months), had the district court known that it was not bound by the Guidelines, the presumption that the Defendant's substantial rights were affected is rebutted.

Although the Guidelines are no longer mandatory, the district courts must still consider the correct Guidelines-recommended sentence. *United States v. McDaniel*, 398 F.3d 540, 551 (6th Cir. 2005). Thus, we consider whether the district court properly enhanced the Defendant's sentence pursuant to § 4A1.3. "Departure from the sentencing guidelines is permissible based upon 'reliable information . . . that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. . . .'" *United States v. Downs*, 955 F.2d 397, 401 (quoting U.S.S.G. § 4A1.3). Under 18 U.S.C. § 3553(c)(2), a sentencing court must state "the specific reasons for the imposition of a sentence" outside of the Guideline range.

The Defendant argues that the district court did not articulate an adequate factual basis to justify the departure or the extent of the four level enhancement. In support of his position, he cites both *United States v. Kennedy*, 893 F.2d 825 (6th Cir. 1990) and *United States v. Downs*,

7

955 F.2d 397 (6th Cir. 1992). In *Kennedy*, the district court, in support of its upward departure from a range of 77 to 96 months to 180 months, noted that the defendant had a "long history of violation of the law" and that "parole, probation, and rehabilitation" had not worked." *Id*. at 826. This Court held that these statements were inadequate to justify the upward departure. *Id*. at 828. In *Downs*, the district court, in support of its departure from a range of 37 to 46 months to 120 months, noted that the defendant "had a persistent involvement in . . . criminal activity . . . and that his criminal history [was] not adequately reflected by the Guidelines." 955 F.2d at 400. This Court held that this conclusory statement was inadequate to support the departure. *Id*. at 401.

Unlike either *Kennedy* or *Downs*, however, the district court in the instant case did sufficiently state its reasons for the departure. The district court noted that 1) the Defendant had a criminal history score that was more than two and a half times the threshold for the highest criminal history category available under the Guidelines, 2) his most recent conviction had been for the same offense (interstate transportation of a stolen vehicle), which resulted in an upward departure and a sentence of 70 months' imprisonment, and 3) the Defendant had numerous other convictions that were not counted toward his criminal history category because they did not occur within ten years of the instant offense.

Finally, the extent of the departure was reasonable. The previous 70 months sentence the Defendant received had not deterred him from committing the present crime while under supervision. Some increase over a 70 months sentence was justified.

For the foregoing reasons, we AFFIRM.