United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50648
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GREGORY BEN,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-36-1-SS
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court initially affirmed the sentence of Gregory Ben.

United States v. Ben, No. 04-50648, 2004 WL 2933555 (5th Cir.

Dec. 17, 2004).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125 S.

Ct. 738 (2005).  Ben v. United States, 125 S.Ct. 1959 (2005). We

requested and received supplemental letter briefs addressing the

impact of Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ben argues that he is entitled to resentencing because the district court applied facts that were neither admitted by him nor found by a jury beyond a reasonable doubt to arrive at his sentence of 120 months of imprisonment. The problem in this case is that Ben first asserted this argument, relying on Blakely v. Washington, 542 U.S. 296 (2004), in a Federal Rules of Criminal Procedure Rule 35(a) motion filed after entry of judgment and sentencing. This court has not decided whether a Blakely/Booker/Fanfan objection asserted in a Rule 35(a) motion constitutes a timely preservation of the claim under Rule 52(a). The government does not dispute in its supplemental letter brief that Ben's objection has been preserved, and therefore, for the purposes of this case, we will assume without actually deciding that Ben preserved the Booker error. Accordingly, our review for harmless error under Rule 52(a), and the burden is on the government to show harmless error beyond a reasonable doubt. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005); United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005) (holding that preserved Booker error is reviewed for harmless error).

The district court, in denying Ben's Rule 35 motion for reconsideration of sentencing, noted that even if Blakely applied to Ben's sentence, his sentence would remain the same: the statutory maximum for a violation of the felon-in-possession-of-a firearm statute. The court noted that Ben's criminal history was

under-represented and that he had almost twice as many points as required for a criminal history category VI. Thus, the court reasoned that an upward departure under U.S.S.G. § 4A1.3 was warranted to bring Ben's sentence up to 120 months, the "appropriate sentence" for his offense. Under these facts, the government has met its burden of showing harmless error beyond a reasonable doubt. Accordingly, the judgment of the district court is AFFIRMED.