RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0131p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-6069

CHALMERS BROWN,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-20059—Samuel H. Mays, Jr., District Judge.

Submitted: October 24, 2005

Decided and Filed: April 14, 2006

Before: RYAN, GILMAN, and COOK, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WEST DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. David N. Pritchard, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

RYAN, J., delivered the opinion of the court. GILMAN, J. (pp. 5-6), delivered a separate concurring opinion. COOK, J., concurred in both the opinion of the court and the separate concurrence.

---

**OPINION**

---

RYAN, Circuit Judge. Chalmers Brown appeals the sentence he received upon his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g) and for being an Armed Career Criminal under 18 U.S.C. § 924(e). He was initially sentenced to 360 months in prison, but on appeal that sentence was vacated and his case was remanded for new sentencing. *United States v. Brown*, 371 F.3d 854, 861 (6th Cir. 2004). On remand Brown was sentenced to 280 months' imprisonment, which he now appeals on the grounds that his sentence is invalid under *United States v. Booker*, 125 S. Ct. 738 (2005).

We acknowledge that because the district court believed, when sentencing Brown, that the United States Sentencing Guidelines were mandatory, and because, when *Booker* was decided, Brown's case was in the appellate pipeline, his sentence violated *Booker*. But after careful

1

consideration, we conclude that the district court's "error" in following the law applicable on the day of Brown's resentencing was harmless, because the sentence imposed was based upon a significant upward departure that resulted in a reasonable sentence. Therefore, we will **AFFIRM** Brown's sentence.

## I.

Brown was arrested in December 2001 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He pled guilty to this offense and at sentencing the district court imposed a sentence of confinement for 360 months under the 2001 Sentencing Guidelines. *Brown*, 371 F.3d at 857. Brown appealed, and a panel of this court vacated the sentence because it was unsure whether the upward departure was a product of the district court's "independent judgment." *Id.* The district court was directed to resentence Brown, giving "independent thought to whether th[e] range was appropriate under the individual circumstances of Mr. Brown's case." *Id.* at 861.

A second sentencing hearing was held on August 26, 2004, which was before *Booker* was decided. The district court determined that the statutory range was 180 months to life, based upon Brown's felon in possession of a firearm conviction, to which he had pled guilty, and the court's conclusion that Brown was subject to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). The act applies where the defendant has three separate prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1) (West Supp. 2005).

Although, as we have said, *Booker* had not been decided, Brown's alert counsel, April Goode of the Tennessee bar, objected to the use of the Guidelines, citing *Blakely v. Washington*, 542 U.S. 296 (2004), which Goode argued should apply to federal guideline sentencing. But the district court correctly observed that it was bound to follow the precedent of this circuit, which at the time was that the federal sentencing Guidelines were applicable, constitutional, and mandatory. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004), *vacated*, 125 S. Ct. 1944 (2005).

In calculating an appropriate sentence under the guidelines, the district court began with the applicable punishment range for Brown's felon in possession of a firearm conviction, then took into account, as relevant conduct, Brown's involvement in an armed robbery committed three weeks before his arrest for the firearm offense. The court noted that Brown had discharged a firearm during the robbery, albeit a different weapon than the one for possession of which he was being sentenced. The court also observed that one of the robbery victims suffered serious bodily injury in the robbery. The result of including these "enhancing factors," which were partially offset by a deduction for acceptance of responsibility, was a base offense level of 30.

The court then turned to Brown's criminal history. After noting that 13 criminal history points were sufficient to place a defendant in the highest criminal history category, the court found that Brown had earned 53 points. The court, therefore, decided that an upward departure was appropriate. Relying on "the authority and the discretion" granted under U.S.S.G. § 4A1.3, the court departed upward from Offense Level 30 Category VI (168-210 months) to Offense Level 34 Category VI (262-327 months) and sentenced Brown to confinement for 280 months.

## II.

Brown's case was on direct appeal to this court when *Booker* was decided. Therefore, Brown may avail himself of the rulings announced in *Booker*. *United States v. Oliver*, 397 F.3d 369, 377 (6th Cir. 2005). Because Brown raised his objection to the Guidelines before the district court, we employ *de novo* review. *United States v. Jones*, 399 F.3d 640, 649 (6th Cir.), *cert. denied*, 126 S. Ct. 148 (2005). Additionally, if an error is found, *Booker* instructs "reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and [if it was not] whether it fails the 'plain-error' test." *Booker*, 125 S. Ct. at 769. Because Brown did

raise an objection to the Guidelines below, we do not conduct a plain-error analysis, but inquire instead whether the district court's error—and we acknowledge that it erred in following this court's precedent—was harmless. *United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005); *United States v. McDaniel*, 398 F.3d 540, 546 (6th Cir. 2005). In *United States v. Hazelwood*, 398 F.3d 792 (6th Cir. 2005), this court held that a remand is necessary under the harmless error standard "unless we are certain that any . . . error was harmless—*i.e.* any such error 'did not affect the district court's selection of the sentence imposed.'" *Id.* at 801 (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

### III.

Brown first claims that the district court violated his Sixth Amendment rights under *Booker* because, in classifying him as an armed career offender under 18 U.S.C. § 924(e), the court made findings that at least three of Brown's prior convictions were either for a "violent felony" or a "serious drug offense," factual issues, Brown argues, that should have been decided by a jury. We reject this argument because this court has previously held that "*Apprendi* does not require the nature of prior convictions to be determined by a jury." *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).

We agree with Brown, however, that the district court erred in sentencing him in the belief that the Guidelines were mandatory and, in calculating the appropriate sentencing range, made forbidden findings of fact. The court repeatedly stated that the Guidelines were mandatory. *See id.* The court also erred when it determined that Brown's involvement in an armed robbery some three weeks prior to his arrest for the firearm offense was conduct relevant to the firearm offense to which he pled guilty in this case. We hold, however, that, as we explain below, under the harmless error standard of review that is appropriate in this case, we are "certain" these errors did not affect the district court's selection of the sentence imposed.

### IV.

It is apparent that Brown suffered no harm either from the court's mistaken belief that the Guidelines were mandatory or its "relevant conduct" factfinding. It is true the district court believed the Guidelines to be mandatory and improperly enhanced Brown's basic offense level after finding the events of the robbery relevant to the firearm offense. Nevertheless, any possible harm from these errors was nullified when the court later exercised its discretion to grant a substantial upward departure that increased the sentence considerably above the Guideline recommended range. Stated differently, it is impossible that the court's *Booker* error added so much as one day to Brown's sentence beyond what the discretionary upward departure added. Nor does this upward departure itself raise *Booker* problems since it was based on Brown's criminal history and, in any event, was a discretionary decision by the district court. *See Booker*, 125 S. Ct. at 750.

For these reasons we are "certain" that the district court's belief that the Guidelines were mandatory and its impermissible factfinding as to Brown's relevant conduct "did not affect the district court's selection of the sentence imposed," *Williams*, 503 U.S. at 203, which was based not upon a supposed mandatory Guideline range, but upon the court's discretion to depart upward to reach a more severe sentence. The court's sentencing errors were therefore harmless.

### V.

Lastly, even though Brown offers no argument as to how the court might have acted unreasonably in granting an upward departure, we review Brown's sentence for reasonableness under *Booker*. *Christopher*, 415 F.3d at 594. A sentence may be unreasonable when the court does not consider the applicable Guideline range or ignores the factors listed in 18 U.S.C. § 3553(a). *Id.* Here, the court considered the applicable Guideline range before departing upward and, in addition,

mentioned "deterrence, incapacitation, just punishment, and rehabilitation"—all factors contained in § 3553(a), as the reasons for the sentence imposed.  We conclude that Brown's sentence is reasonable.

## VI.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

---

**CONCURRENCE**

---

RONALD LEE GILMAN, Circuit Judge, concurring.  Like my colleagues, I agree that the district court's *Booker* error in sentencing Brown was harmless.  I nevertheless write separately because this court has not previously considered whether a discretionary upward departure can render a *Booker* error harmless, and I believe that the issue warrants further analysis.

Although the district court below applied the Guidelines under the former mandatory regime, it also considered Brown's initial Guidelines range of 168-210 months as insufficient to account for his criminal history.  It therefore departed upward by four sentencing levels in light of Brown's "long record . . . of violent crimes," resulting in a Guidelines range of 262-327 months.  As a result, the district court ultimately determined that a sentence of 280 months was the most appropriate sentence based upon the type of factors enumerated in 18 U.S.C. § 3553(a).  The *Booker* error was thus nullified when the district court departed upward.

Cases from other circuits support this conclusion.  In *United States v. Martinez*, 418 F.3d 1130, 1136 (10th Cir. 2005), for example, the Tenth Circuit held that "[a]lthough the district court may have erred by applying the Guidelines in a mandatory fashion, the error was harmless" because the district court imposed a discretionary upward departure based on the defendant's repeated violations.  The *Martinez* court held that the district court, by exercising its discretion, left the appellate court with no "reason to think that the district court would have imposed a less severe sentence in the exercise of his post-*Booker* discretion."  *Id.*; *see also United States v. Ben*, 152 F. App'x. 414, 416 (5th Cir. 2005) (unpublished) (holding that the government met its burden of showing harmless error where the district court had concluded that the defendant's criminal history was underrepresented and had imposed an upward departure as a result).

Although other circuits have addressed this issue, the Sixth Circuit has no case discussing whether an upward departure makes a *Booker* error harmless.  Several of our cases, however, have discussed the effect of an upward departure in the *Booker* plain-error context.  One of these is *United States v. Webb*, 403 F.3d 373, 382-83 (6th Cir. 2005), *cert. denied* 126 S. Ct. 1110 (2006), where this court affirmed Webb's conviction and held that the presumption of prejudice established in the plain-error context by *United States v. Barnett*, 398 F.3d 516, 527-29 (6th Cir. 2005), was overcome by clear and convincing evidence.  The *Webb* court reasoned that because the district court referred to Webb as a menace, considered (but did not impose) an upward departure, and sentenced him at the top of the Guidelines range, the district court would not have imposed a lesser sentence even if it had considered the Guidelines to be advisory only.  *Id.*; *see also United States v. Loggins*, 136 F. App'x. 789 (6th Cir. June 6, 2005) (unpublished) (holding that the *Barnett* presumption was overcome by clear and convincing evidence where the district court labeled the defendant a "professional thief" and imposed an upward departure because it considered the initial Guidelines range inadequate).

The analysis from *Webb* and *Loggins* is helpful, even though the present case requires a harmless-error inquiry rather than a plain-error inquiry.  Those cases make clear that despite the district court's belief that the Guidelines were mandatory, the record in a particular case may indicate that the district court "would have imposed the same sentence, if not a lengthier one, . . . had the district court known that it was not bound by the Guidelines."  *Webb*, 403 F.3d at 383.

The government argues in the present case that any *Booker* error was harmless because "the sentence imposed was just and reasonable," and because it was based on Brown's history of recidivism and the violent nature of his crimes.  Evidence in the record supports the government's

contention.  As the government argues, the district court concluded that Brown's "criminal history category significantly underrepresent[ed] both the seriousness of [his] criminal history and the likelihood that he [would] commit further crimes," and the district court detailed at length Brown's history of violent offenses.  The court also referred to Brown's "remarkable" level of recidivism, noted that it did not anticipate that Brown would be able to change his violent behavior, and determined that 280 months of imprisonment was the most appropriate sentence under the circumstances.

Because the district court imposed the upward departure after deciding that the Guidelines-recommended sentence was inadequate, the *Booker* error in this case was harmless.  The district court sentenced Brown to 280 months of imprisonment because it thought the sentence appropriate, not because it felt constrained by the Guidelines.  I therefore concur in affirming its judgment.