NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0509n.06
Filed: July 20, 2006

**No. 04-6418**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| RONALD LYNCH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, MCKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM.

Ronald Lynch pled guilty to conspiring to manufacture methamphetamine in violation of 21

U.S.C. § 841(a)(1). Before the Supreme Court issued *United States v. Booker*, 543 U.S. 220 (2005),

the district court sentenced Lynch under the erroneous understanding that the U.S. Sentencing

Guidelines were mandatory. The district court sentenced Lynch to 150 months of imprisonment

followed by six years of supervised release, both within the advisory Guidelines range. The district

court remarked that Lynch greatly benefitted from being sentenced under the mandatory Guidelines

system, and that Lynch would have received 220 months in prison if the court were not bound by

the Guidelines. Lynch appeals,[1] contending that his sentence must be vacated under *Booker* because

---

[1]The government concedes that "[a]lthough Lynch waived his right to appeal his guilty plea and conviction, he did not waive his right to appeal his sentence." We agree.

of the district court's error in treating the Guidelines as mandatory. For the reasons that follow, we

hold that the *Booker* error was harmless under the circumstances and affirm Lynch's sentence.

I.

The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under

28 U.S.C. § 1291.

II.

When a district court imposes sentence under the mistaken belief that the Guidelines are

mandatory, there is a presumption that the sentence constitutes plain error that prejudiced the

defendant and must be vacated. *United States v. Martin*, 438 F.3d 621, 639 (6th Cir. 2006) (citing

*United States v. Barnett*, 398 F.3d 516, 529 (6th Cir.), *cert. dismissed*, – U.S. –, 126 S. Ct. 33

(2005)). We apply this presumption because of the "onerous burden" that a defendant would

ordinarily face in trying to prove that the district court would have imposed a lower sentence if it

knew that the Guidelines are advisory. *United States v. Katzopoulos*, 437 F.3d 569, 576-77 (6th Cir.

2006) (citing *Barnett*, 398 F.3d at 529).

To rebut the presumption, the government must present "clear and specific evidence that the

district court would not have . . . sentenced the defendant to a lower sentence" if it had treated the

Guidelines as advisory. *Martin*, 438 F.3d at 639 (quoting *Barnett*, 398 F.3d at 529); *Cf., United

States v. Perry*, 438 F.3d 642, 653 (6th Cir.) ("The government . . . makes no effort to rebut the

presumption of prejudice. We therefore conclude that Perry must be resentenced . . . ."), *cert.*

*denied*, – U.S. –, 126 S. Ct. 2045 (2006).[2]

Here, the government presents clear and specific evidence that the district court would not

have imposed a lighter sentence if it had realized that the Guidelines were merely advisory. After

pronouncing a mandatory Guidelines sentence of 150 months, the district court stated,

> Now, the alternative sentence in the case that the Court would impose if we were
> outside the guidelines would be significantly different than the 150-month period
> that the Court has imposed. The Court would impose an alternative sentence . . . in
> the event [that] the guidelines were challenged . . . and were found to be
> unconstitutional.
>
> But the alternative sentence that the Court would impose under those circumstances
> would be a term of 220 months, followed by a term of six years of supervised release
> with the same terms and conditions that I have indicated.
>
> In short, the defendant benefits greatly by being sentenced under the guidelines in
> this case . . . . He wouldn't receive as much credit outside of the guidelines if the
> Court were sentencing totally strictly away from the guideline provisions . . . .

Because the district court clearly and unequivocally expressed its intention to impose a specific

harsher sentence if the Guidelines were found to be non-binding, "it is impossible that the court's

*Booker* error added so much as one day to [Lynch]'s sentence . . . ." *Brown*, 444 F.3d at 522.

Indeed, the district court's *Booker* error would have been harmless even if the district court

had stated only that it would have imposed *the same* sentence if the Guidelines were not mandatory.

---

[2]*Contrast United States v. Brown*, 444 F.3d 519, 522 (6th Cir. 2006) ("It is true the district court believed the Guidelines to be mandatory and improperly enhanced Brown's basic offense level . . . . Nevertheless, any possible harm from these errors was nullified when the court later exercised its discretion to grant a substantial upward departure that increased the sentence considerably above the Guideline recommended range.").

"[W]hen a district court imposes alternative, identical sentences, one under a regime in which Guidelines enhancements are not mandatory, the harmlessness of any *Booker* error is established." *United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005); *see also United States v. Till*, 434 F.3d 880, 886 (6th Cir. 2006) ("[E]xplicit discussion of an identical alternative sentence seems to be precisely the type of clear and specific evidence that is needed to rebut the presumption of prejudice that this Circuit affords defendants . . . under post-*Booker* plain-error review.") (internal quotations and citations omitted); *United States v. Wilson*, 438 F.3d 672, 675 (6th Cir. 2006).

Accordingly, we hold that the district court's error in treating the Guidelines as mandatory did not prejudice Lynch, so Lynch fails to show plain error. FED. R. CRIM. P. 52(b).

III.

Lynch asserts, in passing, that his sentence was "excessive," but he provides no argument, let alone citation to binding or persuasive authority, on this score. It is well settled that "issues adverted to by an appellant in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 n.8 (6th Cir. 2003) (citation omitted). Therefore, Lynch has abandoned any claim that his sentence is "excessive" or unreasonable.

In any event, Lynch neither identifies any purported error or omission in the district court's consideration of the Guidelines and the statutory factors, nor does he contend that the district court inadequately explained its consideration of those items. Therefore, we have no basis to conclude that his sentence was procedurally unreasonable. Lynch also fails to explain why or how his

sentence is excessive, so we have no basis to conclude that his sentence is substantively unreasonable.

IV.

For these reasons, we affirm Lynch's sentence.