NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0176n.06
Filed: March 2, 2007

No. 06-5110

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JEFFREY SULLIVAN, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before:  NORRIS, GILMAN, and McKEAGUE, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.**  Jeffrey Sullivan pled guilty to charges of being a felon in possession of both a firearm and ammunition.  Due to his extensive criminal history, he was sentenced pursuant to the Armed Career Criminals Act (ACCA) and the corresponding Sentencing Guidelines provisions to a term of 200 months' imprisonment.  He argues on appeal that the district court erred by finding that his prior convictions qualified as predicate offenses under the ACCA and by imposing a sentence that is unreasonably long.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.  BACKGROUND**

Sullivan was charged with being a felon in possession of a firearm under Count One of the indictment and with being a felon in possession of ammunition under Count Two, both in violation of 18 U.S.C. § 922(g)(1). In September of 2005, he pled guilty to both counts.

Prior to Sullivan's sentencing hearing, a probation officer prepared a Presentence Report (PSR) detailing Sullivan's offense conduct, criminal history, and other relevant information. The PSR listed Sullivan's 17 prior arrests and convictions, beginning when he was 22 years old, and noted that four of his prior state convictions qualified as "predicate offenses" under the ACCA, 18 U.S.C. § 924(e). Three of these predicate convictions were for burglaries and a fourth was for possession of drugs with the intent to distribute. The PSR calculated his total offense level to be 30 based on an initial offense level of 20, an enhancement to level 33 for being an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(B), and a 3-level reduction for acceptance of responsibility. This calculation, together with his criminal history category of VI, resulted in a Guidelines range of 168 to 210 months' imprisonment, but the ACCA's 15-year mandatory minimum narrowed the range to between 180 and 210 months.

Sullivan objected to the use of two of his prior burglary convictions as predicate offenses under the ACCA. Rather than ruling specifically on Sullivan's objection, the district judge simply found that Sullivan qualified under the ACCA based on three convictions other than the two disputed burglaries, including a felony-battery conviction that was not one of the original four convictions noted on the PSR as a qualifying predicate offense. Sullivan raised no further objections, and the judge sentenced him to a term of 200 months' imprisonment followed by 5 years of supervised release. This timely appeal followed.

## II.  ANALYSIS

### A.      Standard of review and summary of issues

Sullivan raises three issues in this appeal.  The first two are challenges to the district court's

determination as to which of Sullivan's prior offenses qualify as predicate offenses under the ACCA.

He first argues that the district court erred by using two of his prior burglary convictions as predicate

offenses to classify him as an armed career criminal.  Second, Sullivan claims that the use of his

prior drug conviction as a ACCA predicate offense was erroneous.  We review both of these issues

de novo.  *See United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2006) ("This Court reviews a

district court's conclusion that a crime constitutes a violent felony under the ACCA or a crime of

violence under the ACCA's parallel provision in the Guidelines de novo.").

The third and final issue raised by Sullivan is whether the sentence imposed by the district

court is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).  Reasonableness review

in this circuit has "both substantive and procedural components."  *United States v. Jones*, 445 F.3d

865, 869 (6th Cir. 2006).  Procedural unreasonableness arises where "the district judge fails to

'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18

U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without

such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (footnote

omitted).  "A sentence is substantively unreasonable if the district court selects the sentence

arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors

or gives an unreasonable amount of weight to any pertinent factor." *United States v. Caver*, 470 F.3d

220, 248 (6th Cir. 2006) (quotation marks and brackets omitted).

B.      **Application of the ACCA**

The ACCA mandates a minimum term of 15 years' imprisonment for defendants who are convicted under 18 U.S.C § 922(g) and who have three or more previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C § 924(e)(1). A "violent felony" is defined under the ACCA as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

With regard to prior burglaries, the Supreme Court has recently explained that "the listing of 'burglary' as a predicate 'violent felony' (in the ACCA) . . . refer[s] to what we [have] called 'generic burglary,' an 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Shepard v. United States*, 544 U.S. 13, 16-17 (2005). The burglary statutes in some states, however, broadly include nongeneric burglaries such as burglaries of vehicles. *See Taylor v. United States*, 495 U.S. 575, 599-600 (1990) (noting that some state burglary statutes are broader than others). Consequently, a defendant's prior burglary convictions must be examined to determine whether they satisfy the Supreme Court's definition of a predicate generic burglary under the ACCA.

Sullivan argues that "the burglaries used in paragraphs forty three (43) and forty five (45) of the pre-sentence report are not generic burglaries as defined by the Supreme Court." This argument is irrelevant, however, if the district court did not use or did not need to use these offenses in order to properly classify Sullivan as an armed career criminal under the ACCA. The transcript of

Sullivan's sentencing hearing demonstrates that the court actually relied on three *different* offenses to so classify Sullivan. Specifically, the court relied on (1) Sullivan's 1985 drug conviction at paragraph 30 of the PSR, (2) his 1997 burglary conviction at paragraph 40, and (3) his 2000 felony-battery conviction that accompanied the burglary conviction at paragraph 45. Sullivan raises no challenge to the determination that his 1997 burglary conviction and his 2000 felony-battery conviction constituted valid predicate offenses. Therefore, if we determine—contrary to Sullivan's second claim on appeal—that his 1985 drug conviction constitutes a third valid predicate offense under the ACCA, we need not further address Sullivan's first claim regarding the two burglary convictions at paragraphs 43 and 45 of the PSR.

Only "serious" drug convictions may serve as predicate offenses under the ACCA. 18 U.S.C. § 924(e)(1). With regard to state-law drug convictions, the act defines a "serious drug offense" as "an offense . . . involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C § 924(e)(2)(A)(ii). Sullivan's objection to the use of his 1985 drug conviction as a predicate offense under the ACCA is two-fold: he argues that (1) it took place 19 years ago, and (2) he was actually sentenced to only 18 months' imprisonment for the offense.

We find neither argument persuasive. With regard to his "staleness" claim, this court has recently held that "[t]he ACCA does not exclude convictions based on remoteness in time." *United States v. Howard*, No. 03-6446, 2007 WL 177890, *10 (6th Cir. Jan 24, 2007) (citing *United States v. Wright*, 48 F.3d 254, 255-56 (7th Cir. 1995), and U.S.S.G. § 4B1.4, cmt. 1 (stating that Guideline time periods for counting prior sentences are not applicable to the ACCA)). Similarly, the term of

imprisonment to which Sullivan was actually sentenced has no bearing on whether his conviction may be used as a predicate offense under the ACCA. *See United States v. Henton*, 374 F.3d 467, 469-70 (7th Cir. 2004) ("[I]t is irrelevant under ACCA whether [the defendant] actually received an extended sentence on his 1993 conviction; what matters is the sentence that the state statute made possible."); *United States v. Coleman*, 158 F.3d 199, 203-04 (4th Cir. 1998) (holding that the fact that the defendant actually received only a six-month sentence was irrelevant to whether the crime counted as a predicate offense under the ACCA).

The PSR indicates that Sullivan's 1985 drug conviction under Florida law exposed him to a maximum statutory term of 15 years' imprisonment, 5 years more than the 10 years required to constitute a "serious drug offense" under the ACCA. Sullivan not only failed to object to that determination below, but actually agreed with the district court that it qualified as a predicate conviction by stating "[w]e had initially challenged the drug conviction, but it's been shown that that conviction is probably valid [as a predicate offense]." His brief on appeal similarly fails to raise any issue regarding the determination in the PSR that his drug conviction subjected him to a 15-year maximum sentence. He has thus waived any argument regarding that conviction. *Hutchison v. Bell*, 303 F.3d 720, 748 n.7 (6th Cir. 2002) (noting that inadequately briefed claims are deemed waived).

Moreover, even if Sullivan had raised an argument that Florida's then-applicable sentencing-guidelines regime would have reduced his maximum presumptive sentence below Florida's 15-year statutory maximum, the few courts to have considered such an argument have rejected it and relied on the statutory maximum in evaluating the maximum sentence to which a defendant was subject for purposes of the ACCA. *See, e.g., McCarthy v. United States*, 135 F.3d 754, 757 (11th Cir.1998)

(treating the statutory maximum penalty under Florida law as dispositive, notwithstanding the fact that the Florida sentencing guidelines applicable to the defendant's circumstances effectively capped his sentence for the prior offense at four and one-half years.)

Because we conclude that Sullivan's 1985 drug conviction, 1997 burglary conviction, and 2000 felony-battery conviction all qualify as predicate offenses under the ACCA, we have no need to address Sullivan's argument regarding whether his other two burglary convictions also qualify as predicate offenses. We thus find no error in the district court's ruling that Sullivan qualified as an armed career criminal under the ACCA.

## C.     Reasonableness

### 1.     *Procedural reasonableness*

Sullivan's brief on appeal adverts to procedural reasonableness only to summarily assert that the district judge "erred by not giving adequate and reasonable consideration to the mitigating factors in making his decision to sentence [Sullivan] to 200 months." He does not identify any specific factors that the district court failed to consider, nor did he object on this ground below. Moreover, the district court did in fact explicitly address most of the factors set out in 18 U.S.C. § 3553(a), explaining that it considered the nature of Sullivan's offense, his criminal history described in the PSR, his acceptance of responsibility, his age, background and work history, the applicable Guidelines range, the statutory range, the possibility of a departure, and the need for consistency among similarly situated defendants. Because Sullivan fails to identify any specific mitigating factor left unconsidered by the district court, we conclude that the sentence was procedurally reasonable.

### 2.     *Substantive reasonableness*

The entirety of Sullivan's substantive-reasonableness argument asserts that "a sentence of 200 months for possession of a fire arm [sic] and ammunition is punishment greater than necessary in exacting a reasonable punishment gaged [sic] at fitting the crime." Sullivan faces a significant uphill battle in this regard, particularly given that the district court's 200-month sentence fell in the middle of his 180 to 210 month Guidelines range, which is 20 months above the mandatory minimum sentence and significantly below the maximum statutory term of life imprisonment under 18 U.S.C § 924(e)(1). The district court explained that, given Sullivan's extensive criminal history described in the PSR, the court was "very, very seriously considering a sentence above the guidelines range."

Sullivan has presented no facts that distinguish his case from that of other felon-in-possession defendants who are deemed subject to the ACCA's enhanced sentencing requirements. *See, e.g., United States v. Brown*, 444 F.3d 519, 523-24 (6th Cir. 2006) (affirming as reasonable a 280-month sentence pursuant to the ACCA for being a felon in possession of a firearm). We further note that within-Guidelines sentences are credited in this circuit with a presumption of reasonableness that Sullivan has failed to rebut. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) (joining other circuits in crediting properly calculated within-Guidelines sentences with a rebuttable presumption of reasonableness). In short, Sullivan's undeveloped arguments on appeal present no reason to conclude that his within-Guidelines sentence was substantively unreasonable. *Cf. United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (determining that issues presented in a "perfunctory manner, unaccompanied by some effort at developed argumentation" are deemed waived).

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.