**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEON RAYMOND MARTINEZ,

Defendant-Appellant.

Nos. 04-4166, 04-4167

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. Nos. 2:03-CR-614-TS and 2:03-CR-1020-TS)**

---

**Submitted on the briefs:**

Paul M. Warner, United States Attorney and Trina A. Higgins, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

Raymond P. Moore, Federal Public Defender and Vicki Mandell-King, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

## I.    INTRODUCTION

Defendant-appellant Deon Raymond Martinez pleaded guilty to ten counts of bank robbery, all in violation of 18 U.S.C. § 2113(a). At sentencing, the district court departed upward from the sentencing range recommended in the presentence investigation report ("PSR") and imposed a prison sentence of 130 months. Martinez now appeals his sentence, arguing (1) the district court's four-level upward departure was unreasonable, (2) his criminal history category was improperly calculated, and (3) he must be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** Martinez's sentence.

## II.    BACKGROUND

During a robbery spree in 2003, Martinez robbed ten banks and credit unions located in Utah and New Mexico. On August 27, 2003, Martinez was charged in the District of Utah with five counts of bank robbery. On September 11, 2003, Martinez was similarly charged in the District of New Mexico with five

counts of bank robbery. Martinez consented to have the New Mexico case transferred to the District of Utah, pursuant to Fed. R. Crim P. 20, for purposes of his guilty plea. Subsequently, Martinez entered into plea agreements with the United States and, on January 26, 2004, Martinez entered a plea of guilty on all ten counts.

In calculating his sentence under the United States Sentencing Guidelines ("U.S.S.G."), the PSR assigned Martinez a final adjusted offense level of twenty-four and a criminal history category of VI, producing a recommended sentencing range of 100 to 125 months' imprisonment. The PSR concluded Martinez's base offense level for robbery was twenty. U.S.S.G. § 2B3.1.[1] Because the property taken belonged to a financial institution, a two-level increase was applied under U.S.S.G. § 2B3.1(b)(1). Pursuant to the multiple count adjustment of U.S.S.G. § 3D1.4, the combined offense level was determined by taking the highest adjusted offense level (twenty-two) and increasing that offense level by the applicable number of units (five), producing a combined adjusted offense level of twenty-seven. This was reduced three levels for acceptance of responsibility, producing a final offense level of twenty-four. *See id.* § 3E1.1. The PSR

---

[1]Because Martinez was sentenced under the 2003 edition of the United States Sentencing Guidelines Manual, all Guidelines citations are to the 2003 edition.

assigned Martinez a total criminal history score of thirteen, which established a criminal history category of VI.

After receiving a copy of the PSR, the district court notified the parties of its intent to depart upward and, in response, Martinez filed an objection with the district court. At sentencing, the court overruled Martinez's objections and departed upward four levels, concluding that the sentence recommended by the PSR did not adequately account for the crimes committed because the grouping rules of U.S.S.G. § 3D1.4 limit the additional number of levels added to five. The court reasoned that without a four-level upward departure, Martinez would essentially be assessed no punishment for four of the bank robberies to which he pleaded guilty. At the behest of the government, the district court reduced Martinez's criminal history score by three points in response to the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[2] The four-level upward departure produced an offense level of twenty-eight and, combined with the redetermined criminal history category V, resulted in a sentencing range of 130 to 162 months. Pursuant to Martinez's plea agreements, the government requested a sentence at the low end of the range. The court agreed, sentencing

---

[2]We express no opinion on whether the district court's action was necessary or even relevant to the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Martinez to 130 months' imprisonment. Martinez filed a timely notice of appeal and now challenges his sentence.

## III. DISCUSSION

### A. Application of the Sentencing Guidelines

"When reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Doe*, 398 F.3d 1254, 1257 (10th Cir. 2005) (quotation omitted).

#### 1. Four-Level Upward Departure

Martinez contends that the four-level departure imposed by the district court was unreasonable. In reviewing the degree of departure, "we give due deference to the district court and will not reverse absent an abuse of discretion." *United States v. Jones*, 332 F.3d 1294, 1300 (10th Cir. 2003) (citation omitted). As part of our review, "we are to consider 'the district court's proffered justifications, as well as such factors as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, and the need to avoid unwarranted

sentencing disparities.'" *United States v. Okane*, 52 F.3d 828, 833 (10th Cir.

1995) (quoting *United States v. Flinn*, 987 F.2d 1497, 1501 (10th Cir. 1993)).[3]

After a review of the record, we have no difficulty concluding that the

degree of departure was not unreasonable. The district court explained its

decision to depart and the extent of the departure as follows:

> The commentary to Sentencing Guidelines Section 3D1.4
> provides that situations in which there will be inadequate scope for
> ensuring appropriate additional punishment for the additional crimes
> are likely to be unusual and can be handled by departures from the
> guidelines. Also Section 5K2.0(a)(3) (2003 Edition) allows for
> upward departures even in cases where the circumstances of the

---

[3]Prior to *Booker*, our review of upward departures was governed by 18
U.S.C. § 3742(e)(3). As part of the statutory scheme, the degree of departure
from the applicable Guidelines range was reviewed for unreasonableness. *See* 18
U.S.C. § 3742(e)(3)(C). This aspect of the review of upward departures remains
unchanged by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct.
738 (2005). Although the Supreme Court excised 18 U.S.C. § 3742(e), the Court
concluded that the implicit standard of review that remained for all sentences is
"review for unreasonableness." *Booker*, 125 S. Ct. at 765 (alteration omitted).
The Supreme Court further directed appellate courts to be guided by the factors
set forth in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 765-66. These factors are
the same cited in pre-*Booker* case law regarding the review of the degree of a
departure for unreasonableness. *See, e.g.*, *United States v. Flinn*, 987 F.2d 1497,
1501 (10th Cir. 1993) (relying on factors of 18 U.S.C. § 3553(a)).
We are careful to note that in this appeal we are only reviewing the degree
of departure, not the overall sentence, for unreasonableness. Although the
inquiries may overlap substantially, it is not necessary for us to further define the
scope of post-*Booker* review for unreasonableness because Martinez has not
raised this issue in his opening brief or in his supplemental *Booker* brief. In
addition, such review is inappropriate for a sentence imposed prior to *Booker*.
*See United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005) (observing that
reasonableness review is not appropriate for a sentence imposed under the pre-
*Booker* mandatory sentencing scheme).

offense have been taken into account, but not to an adequate degree, quoting: A departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is already taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of that which ordinarily is involved in that kind of offense, end of quote. The Court believes that his case is just such an exceptional case.

> Because of grouping under Section 3D1.4, defendant is essentially assessed no punishment for four of the bank robberies that are part of this case. The Court intends to impose a four-level upward departure, which corresponds under that section to the additional number of levels that would normally be assessed for those four bank robberies. Based solely on the admissions and stipulations of defendant in the plea agreements, the Court concludes that this case is outside of the heartland of bank robbery cases anticipated by the Sentencing Guidelines and that the punishment called for in the presentence report is inadequate as a matter of law and [it is in] the discretion of this Court to punish the defendant for his admitted and repeated violations of the law.

The district court's reason for departing adequately justifies a four-level upward departure. *See Okane*, 52 F.3d at 833 (approving one-level upward departure for additional bank robbery charges not counted under § 3D1.4). The additional concerns that guide our review further demonstrate the appropriateness of the departure. Martinez pleaded guilty to ten bank robberies, each a very serious offense, strongly supporting the district court's decision to depart. The degree of departure also advances the goals of deterrence and protecting the public. Finally, to the extent such a factor is still relevant, the methodology used by the district court to calibrate the degree of departure was clearly linked to the

Guidelines. *See Jones*, 332 F.3d at 1305. Consequently, the degree of departure was not unreasonable.

*2. Criminal History*

In calculating his criminal history category, the PSR assigned Martinez two points under U.S.S.G. § 4A1.1(b) based on a 1996 theft conviction. According to the PSR, the factual basis of which Martinez does not contest, the state court originally sentenced Martinez to 365 days in jail, with part of the sentence suspended. The state court further ordered that the remaining 180-day sentence be served consecutively to the sentence Martinez was serving at the time. At a review hearing three months later, the state court credited Martinez for the time served to date and placed him on probation. Martinez now argues that he should not have been assigned two points for the 1996 theft conviction because the 180-day sentence was to be served consecutively to his existing prison sentence such that the time served was only in connection with the prior conviction. Because Martinez did not raise an objection below, our review of his claim is for plain error. Fed. R. Crim. P. 52(b).

The core of Martinez's argument is that he did not serve any time on his sentence for the 1996 theft conviction. It is, however, irrelevant whether he served any time on the sentence. *See United States v. Cruz-Alcala*, 338 F.3d 1194, 1199 (10th Cir. 2003). The assignment of criminal history points for a

"sentence of imprisonment" is based on the "maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). "Criminal history points given under § 4A1.2(b) are based on the sentence pronounced, not the length of time actually served." *Cruz-Alcala*, 338 F.3d at 1199. Martinez does not argue, nor could he, that the prison sentences were imposed in related cases such that the sentences should not be counted separately. *See* U.S.S.G. § 4A1.2(a)(2); *id.* cmt. n.3. Accordingly, Martinez's arguments are without merit and the district court did not err when it assigned Martinez two criminal history points under § 4A1.1(b) for the 1996 theft conviction.

### B.    *United States v. Booker*

In *Booker*, the Supreme Court held that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Under *Booker*, a court imposing a sentence by application of the mandatory federal Sentencing Guidelines can commit constitutional error and non-constitutional error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). Constitutional *Booker* error occurs when a district court, "relying upon judge-found facts, other than those of prior convictions, [] enhance[s] a defendant's

sentence mandatorily." *Id.* at 731. Non-constitutional error results from a district court's mandatory, as opposed to advisory, application of the Guidelines. *See Booker*, 125 S. Ct. at 764-65. Martinez argues, and the government concedes, that the district court committed non-constitutional *Booker* error.[4]

Because Martinez raised an objection under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), before the district court, we review for harmlessness. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). In non-constitutional harmless error cases, such as this, the government bears the burden of demonstrating, by a preponderance of the evidence, that Martinez's substantial rights were not affected. *United States v. Glover*, __ F.3d __, No. 04-5150, 2005 WL 1541083, at *4 (10th Cir. July 1, 2005). In sentencing Martinez, the district court, on its own motion, departed upward four levels. In so doing, the district court noted that the recommendation of the PSR "is inadequate as a matter of law and [it is in] the discretion of this Court to punish the defendant for his admitted and repeated violations." There is, therefore, no "reason to think that the district judge would have imposed a less severe sentence in the exercise of his post-*Booker* discretion." *United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005). Although the district court may have erred by applying the Guidelines in a mandatory fashion, the error was harmless.

---

[4]We express no opinion on the validity of the government's concession.

## IV. CONCLUSION

For the reasons set out above, the sentence imposed by the district court is

**AFFIRMED**.