**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

ALEJANDRO FELIX-SALAZAR, also
known as Jesus Apodaca-Castro,

   Defendant - Appellant.

No. 04-4184
(D. Utah)
(D.Ct. No. 04-CR-123-DB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Alejandro Felix-Salazar pled guilty to one count of illegal re-entry after

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing, he argued that the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), required the district court to hold the United States Sentencing Guidelines unconstitutional. The district court held that the guidelines were constitutional, and pursuant to a plea agreement, sentenced Felix-Salazar to thirty months in prison, the minimum sentence within the applicable guidelines range. The district court also imposed an alternate sentence of thirty months "not being bound by the guidelines." (R. Vol. III at 4.) On appeal, Felix-Salazar requests resentencing in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), and this Court's decision in *United States v. Labastida-Segura,* 396 F.3d 1140 (10th Cir. 2005). We affirm.

Discussion

In *Booker,* the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. To remedy the Sixth Amendment difficulties within the sentencing guidelines, the Court invalidated the mandatory application of the guidelines and instead required district courts to consult them in an advisory fashion. *Id.* at 756

(excising 18 U.S.C. §§ 3553(b)(1), 3742(e)).  While Felix-Salazar does not allege a Sixth Amendment violation here, there is a non-constitutional *Booker* error because the district court treated the guidelines as mandatory rather than advisory when imposing the first sentence.  *See United States v. Gonzalez-Huerta,* 403 F.3d 727, 731-32 (10th Cir.) (discussing the difference between constitutional and non-constitutional *Booker* error), *cert. denied*, 126 S.Ct. 495 (2005).  "In non-constitutional harmless error cases, such as this, the government bears the burden of demonstrating, by a preponderance of the evidence, that [the defendant's] substantial rights were not affected."  *United States v. Martinez*, 418 F.3d 1130, 1135-36 (10th Cir.), *cert. denied*, ___ S.Ct. ___, 2005 WL3067739 (2005).  *See United States v. Glover,* 413 F.3d 1206, 1210-11 (10th Cir. 2005).

Felix-Salazar contends his situation is identical to the defendant's in *Labastida-Segura*.  There, the defendant was convicted of roughly the same offense as Felix-Salazar, unlawful re-entry of a previously deported alien in violation of 8 U.S.C. § 1326.  *Labastida-Segura,* 396 F.3d at 1141. Labastida-Segura challenged the constitutionality of the guidelines at sentencing and was overruled by the district judge, who found the guidelines to be constitutional.  *Id.* at 1142.  As in this case, the district court in *Labastida-Segura* imposed the minimum sentence under the applicable guidelines range.  *Id.*  We concluded the district court's mandatory guideline sentence was not harmless

error stating:

> Here, where [the sentence imposed] was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture--we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion.

*Id*. at 1143.

However, in this case we are not left "in the zone of speculation and conjecture" in determining what the district court would do if the guidelines were not mandatory. *Id*. The district court's alternative sentence, which did not treat the guidelines as mandatory, is exactly the same sentence it imposed under the guidelines. The district court clearly explained how and why it chose to exercise its discretion in selecting an alternate sentence:

> As an alternative sentence I impose a sentence of an identical 30 months. In doing so I am not bound at all by the guidelines. I do find that some of the criminal history factors extremely influential in my reaching a 30 month sentence as a non-guideline sentence. And the fact that the defendant has engaged in drug trafficking activity in the United States on at least two occasions, for which there are convictions, has a substantial effect on the Court in imposing an alternate sentence that is not at all effected by or required by any guidelines requirement.

(R. Vol. III at 6-7.) Felix-Salazar claims the district court's alternative sentence is insufficient to establish harmless error because it did not consider all the sentencing factors enumerated within 18 U.S.C. § 3553(a) and, therefore, this

Court can only speculate as to what sentence the district court would have imposed had it done so. We disagree.

The district court heard argument regarding the mitigating reasons for Felix-Salazar's re-entry and the innocuous circumstances of his arrest. Nonetheless, the district court weighed those factors against his criminal history in drug trafficking and responded with an appropriate sentence. This is precisely the process suggested by *Booker*. "[N]otwithstanding *Booker's* invalidation of the mandatory nature of the sentencing guidelines, district courts must still consult the Guidelines and take them into account when sentencing. Thus, appellate review continues to encompass review of the district court's interpretation and application of the Guidelines." *United States v. Graham*, 413 F.3d 1211, 1218 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 126 S.Ct. 635 (2005). Here, as in *United States v. Serrano-Dominguez*, "[t]he district court applied the sentencing methodology suggested in *Booker* and concluded that even if the Guidelines were not mandatory [the defendant] would receive the same sentence. Consequently, the error in his sentence is harmless. A remand would needlessly burden the district court and counsel with another sentencing proceeding, which we know would produce the same result." 406 F.3d 1221, 1224 (10th Cir. 2005).

**AFFIRM.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge