**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

WALTER EDWARD KOSTICH,

  Defendant - Appellant.

No. 05-5184
(N.D. Oklahoma)
(D.Ct. No. 05-CR-13-TCK)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Walter Edward Kostich, Jr., was charged with four criminal counts arising out of a house fire set by an incendiary device on January 12, 2005. At the time of the fire, four individuals, including a fourteen month-old child, were in bed or

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

asleep in the house. On June 27, 2005, Kostich pled guilty to the unlawful possession of a destructive device in violation of 26 U.S.C. § 5861(d) (Count 2). A jury trial was held on the remaining counts; he was found guilty of the unlawful manufacture of an unregistered destructive device in violation of 26 U.S.C. § 5861(f) (Count 1).[1] On September 30, 2005, Kostich was sentenced to 63 months imprisonment on both counts to run concurrently and was ordered to pay $154,030.36 in restitution. Kostich filed a timely notice of appeal challenging the calculation of his offense level under the guidelines, the district court's grant of a two level upward departure, and the calculation of the amount of restitution. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

**Background**:

A Presentence Investigation Report (PSR) was prepared in advance of Kostich's sentencing and recommended a base offense level of 18 for a violation of § 5861(d), (f).[2] *See* USSG §2K2.1(a)(5). The base offense level was increased by two levels under USSG §2K2.1(b)(3)(B) because the offense involved a

---

[1] He was acquitted of Counts 3 and 4: malicious damage and destruction, by means of fire and an explosive, of real property used in activity affecting interstate commerce (Count 4) in violation of 18 U.S.C. § 844(i) and use of fire and an explosive to commit a felony, to wit, malicious damage and destruction of real property (Count 3) in violation of 18 U.S.C. § 844(h)(1), respectively.

[2] The 2004 edition of the United States Sentencing Guidelines Manual was used in this case.

destructive device. The base offense level was increased an additional four levels under USSG §2K2.1(b)(5) because the destructive device was used in connection with another felony offense, arson. Thus, the PSR recommended an adjusted offense level of 24. Based on a Criminal History Category of I, the PSR calculated the guideline range as 51 to 63 months imprisonment. The PSR also noted the district court had the option of imposing restitution as a condition of supervised release and recommended $154,030.36 based on the home owner's insurance company's submission of an affidavit as to the outstanding amount of loss. Kostich objected to the four level increase under §2K2.1(b)(5), the failure to include a two level reduction for acceptance of responsibility, and to the calculation of restitution. The district court agreed a two level reduction for acceptance of responsibility was warranted, but overruled Kostich's other objections.

The government moved for an upward departure under, *inter alia*, Application Note 8 to USSG §2K2.1, which provides for an upward departure when the offense level does not "adequately capture the seriousness of the offense because of the type of destructive device involved, the risk to the public welfare, or the risk of death or serious bodily injury that the destructive device created." Over Kostich's opposition, the district court granted the government's motion, finding a two level upward departure was appropriate. The resulting offense level was 24, leading to a guideline range of 51 to 63 months imprisonment. After

considering the factors set forth in 18 U.S.C. § 3553(a) to ensure a reasonable sentence, the district court sentenced Kostich to 63 months imprisonment and directed him to pay $154,030.36 in restitution.

**Discussion**:

Kostich again challenges the four level enhancement under USSG §2K2.1(b)(5), the district court's grant of a two level upward departure under Application Note 8 to §2K2.1, and the calculation of the amount of restitution. Kostich does not challenge the reasonableness of the sentence under *United States v. Booker*, 543 U.S. 220 (2005). We consider each of his arguments in turn.

*I. Four Level Enhancement*

We review legal questions involving a district court's application of an enhancement under the guidelines de novo and factual findings for clear error. *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir.), *cert. denied*, 126 S.Ct. 253 (2005).

Section 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense," his offense level is to be increased by four levels. Application Note 1 gives the term "firearm," the same "meaning given that term in 18 U.S.C. § 921(a)(3)." 18 U.S.C. § 921(a)(3) includes "any destructive device" within its definition of a firearm. "Destructive device" includes any incendiary device. 18 U.S.C. § 921(a)(4)(i). The term "felony offense" in §2K2.1(b)(5), "means any offense

-4-

(federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG §2K2.1, comment. (n.4). Under Oklahoma law, if convicted, Kostich's conduct would constitute first-degree arson. OKLA. STAT. tit. 21, § 1401. As Application Note 4 makes clear, the defendant need not be convicted of the underlying offense. USSG §2K2.1, comment. (n.4).

Kostich does not challenge the classification of arson as a felony for purposes of §2K2.1(b)(5), nor does he argue the government failed to establish his conduct met the elements of arson. Rather, Kostich relies on Application Note 15, which provides that if the "[]other felony offense" in §2K2.1(b)(5) is an "explosives or firearms possession or trafficking offense[]," it does not apply. He claims that because the arson in this case was committed by an incendiary device, it is an "explosives or firearms" offense and thus cannot be used to enhance his sentence under §2K2.1(b)(5). Kostich further asserts that because the same destructive device was used in his counts of conviction and the arson offense, they are "in parity" and §2K2.1(b)(5) does not apply.

We rejected similar arguments in *United States v. Eaton*, 260 F.3d 1232 (10th Cir. 2001). There, the court enhanced Eaton's sentence under §2K2.1(b)(5) because he had transferred three pipe bombs to an individual knowing they would be used to feloniously destroy a car and/or to commit murder. Eaton argued "the commission of a felony offense such as arson or murder is coincidental to the

bombs and not separate from their intended use and the enhancement is therefore not warranted." *Id.* at 1238. We rejected the argument:

> If this court accepts Eaton's argument, a sentence enhancement under §2K2.1(b)(5) would never be permissible in connection with a conviction for any crime involving a destructive device. This is not the rule. The mere fact that a destructive device has the potential to facilitate a felony does not exempt the application of § 2K2.1(b)(5).

*Id.*

Similarly, Application Note 15 does not preclude use of arson as "another felony offense" because it is not an "explosives or firearms possession or trafficking offense[]." This is true even though it happened to be committed using an explosive device. Nor is it relevant that Kostich was not charged with arson or that the same destructive device was used to commit the arson offense and the offenses of conviction. Like in *Eaton*, we see no error in applying the four level enhancement in this case.

## II. Upward Departure

After *Booker,* "[w]hen reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Martinez,* 418 F.3d 1130, 1133 (10th Cir.) (quotation omitted), *cert. denied*, 126 S.Ct. 841 (2005). When reviewing upward departures, we employ a four-part test:

> (1) whether the factual circumstances supporting a departure are

-6-

permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

*United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006) (quotation omitted). All of these steps are subject to an abuse of discretion standard. *Id*. The degree of an upward departure is "reasonable" if the district court "precisely lay[s] out its reasoning and analysis as to why it is selecting a particular degree of departure" sufficient to "give us reasonable indicia that the sentence the district court pronounces is proportional to the crime committed." *United States v. Proffit*, 304 F.3d 1001, 1012 (10th Cir. 2002) (quotation omitted). Ordinarily, "[t]he district court accomplishes this task by using any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure." *Id*. (quotation omitted).

Application Note 8 to §2K2.1 allows an upward departure where the defendant's offense level "does not adequately capture the seriousness of the offense because of the type of destructive device involved, the risk to the public welfare, or the risk of death or serious bodily injury that the destructive device created." Application Note 8 also cross-references USSG §5K2.2 which authorizes an upward departure "[i]f significant physical injury resulted" from the defendant's conduct. In such a case, "[t]he extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove

permanent, and the extent to which the injury was intended or knowingly risked." *Id*.

Relying on Application Note 8, the district court agreed to a departure based on "the risk of death or serious bodily injury to the [homeowner and his family] and to other families living on either side of the house had the fire spread to neighboring homes," as well as the fact the homeowner suffered smoke-inhalation as a consequence of the fire started by Kostich. (R. Vol. VI. at 40.) It settled on two levels because "[m]ost analogous guidelines provide a two-level increase for this subject." (*Id*.) The district court noted the departure "could be more, there's no question," but based on the offenses charged and Kostich's lack of a criminal history decided to impose only two levels. (*Id*.)

Kostich challenges the propriety of granting an upward departure at all. He argues the unadjusted guideline range was "adequate" and that "the only injury noted at sentencing and testified to at trial was minor smoke inhalation [suffered by the homeowner, which] certainly [was] not life threatening or serious." (Appellant's Br. at 18.) Kostich also notes that no other members of the household received medical treatment. Thus, he argues, property damage was the main issue at sentencing and the application of Note 8 was "unnecessary, and is not justified for the small increase in the sentence imposed by the district court." (*Id*. at 19.)

We disagree. Enhancement of a defendant's offense level may be

warranted either where his conduct causes physical injury or poses the risk of causing injury. *See* USSG §2K2.1, comment. (n.8); §5K2.2. Here it is undisputed the owner of the home suffered smoke inhalation and had to receive medical treatment. As the district court correctly noted, "[h]is injury meets the guideline definition for bodily injury set forth in [the] sentencing guideline[s]." (R. Vol. VI at 40.); *see* USSG §1B1.1, comment. (n.1(B)). Even if such an injury did not warrant a two-level upward departure by itself, Application Note 8 of §2K2.1 allows upward departures where the defendant's conduct poses the "risk of death or serious bodily injury." Despite his evident lack of concern for the health of the individuals reposed in the home to which he set fire, Kostich concedes "his conduct was reckless and could [have] caused personal harm and injury." (Appellant's Br. at 18.) Kostich notes that "[l]uckily, no one was seriously hurt." (*Id.*) He is correct — it was fortunate for the victims and fortunate for himself. In any event, Kostich's conduct clearly falls within the meaning of the applicable guideline provisions. Kostich provides no convincing reasons the district court's imposition of a two level enhancement was an abuse of discretion.

*III. Restitution*

"In evaluating the district court's award of victim restitution, we review its factual findings for clear error." *United States v. Kravchuk*, 335 F.3d 1147, 1156 (10th Cir. 2003). "We review its calculation and ultimate award of restitution for

abuse of discretion . . . ." *Id*.

The substance of Kostich's objection to the amount of restitution is that the amount was impermissibly speculative because the calculation was premised on an undocumented business run out of the victim's home. This argument ignores the factual record considered by the district court below. Contrary to Kostich's assertion that the amount of loss was undocumented, the district court expressly relied upon an affidavit submitted by the victim's homeowner insurance company, Farm Bureau, as to the amount of loss. Additionally, as the district court specifically addressed below, the victim's Farm Bureau policy covered only personal property, not business related loses. The district court stated:

> I don't think any of [the business losses are] being reimbursed. It was the destruction of the house, the personal property in the house, and the living expenses . . . – there's nothing here other than what Farm Bureau has filed an affidavit on. There's nothing about business expenses or business losses or any of that. And if that's not included -- if you have information that's included, why, I want to hear it, but otherwise you're arguing about something that's not part of this restitution.

(R. Vol. VI. at 31-32.) Kostich could not provide the district court a basis for his objection, nor can he on appeal. Unsubstantiated concerns that a restitution order is overinclusive is insufficient to overturn a district court's restitution order. Given the record, the district court did not abuse its discretion in awarding $154,030.36 in restitution.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge