**F I L E D**

**UNITED STATES COURT OF APPEALS**    April 24, 2007

**TENTH CIRCUIT**    **Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STEPHEN REX ALLEN,

    Defendant-Appellant.

No. 06-2110
(D.C. No. CR-04-788 JB)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Stephen Rex Allen pled guilty to violating 18 U.S.C. § 2113's prohibition on attempted and completed bank robberies and was sentenced to 151 months imprisonment and 3 years of supervised release. On appeal, he contends the district court erred in calculating his sentencing range under the federal guidelines and that his sentence is unreasonable. We affirm.

Prior to sentencing, the United States Probation Office developed a

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presentence report (PSR) for Mr. Allen.  He was assigned a base offense level of 20 and a 2 level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because his objective was the taking of a financial institution's property, for an initial adjusted offense level of 22.  Because he was a career criminal, he was assigned an adjusted offense level of 32 pursuant to U.S.S.G. § 4B1.1, and a downward adjustment of 3 for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, for a total offense level of 29.  With a criminal history category of VI, his final offense level led to a recommended guideline imprisonment range of 151-188 months.

Prior to sentencing, Mr. Allen filed a sentencing memorandum asserting he was entitled to a three level reduction in his offense level pursuant to U.S.S.G. § 2X1.1 on the ground that his crime was an attempt rather than a completed offense.[1]  The district court denied Mr. Allen's request.  At the conclusion of the hearing, the court stated it had "taken account of the sentencing goals that are in [18 U.S.C.] Section 3553(a)" and the guidelines recommendation, and sentenced Mr. Allen to 151 months imprisonment, the low end of the guidelines range. Rec., vol. V at 39.

---

[1] *See* U.S.S.G. § 2X1.1 ("(a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. (b) Specific Offense Characteristics (1) If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.")

Mr. Allen appeals the denial of a reduction under § 2X1.1 and, in the alternative, argues his 151 month sentence was unreasonably long in light of the 18 U.S.C. § 3553(a) factors. When reviewing the district court's application of the guidelines, we review legal findings de novo and factual findings for clear error. *United States v. Martinez*, 418 F.3d 1130, 1133 (10th Cir. 2005). Where the district court errs in applying the guidelines we "must remand . . . unless the error is harmless." *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006). If the district court's application of the guidelines was correct or any errors harmless, then we decide whether the sentence was substantively reasonable. *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1129-30 (10th Cir.2006).

We first address Mr. Allen's contention that the guidelines were misapplied. The Probation Office initially calculated an offense level of 22, assigning 20 levels for bank robbery and a 2 level upward adjustment for his objective of taking bank property. Because Mr. Allen qualified as a career offender under § 4B1.1(a), however, his final offense level was set by § 4B1.1(b). *See* U.S.S.G. § 4B1.1(b) (Career criminal offense levels calculated pursuant to § 4B1.1(b) supersede lesser levels that would be "otherwise applicable."). In Mr. Allen's case, he was assigned an offense level of 32 as required by U.S.S.G. § 4B1.1(b), less a 3 level downward adjustment for acceptance of responsibility, for an adjusted offense level of 29. The district court sentenced him accordingly. *See* Rec., vol. V at 39 ("The offense level is 29 . . . [and t]he guideline

imprisonment range is 151-188.").

Pursuant to § 1B1.1, provisions of the guidelines are to be "applied in" a specified "order." U.S.S.G. § 1B1.1. In the first two steps, the court must determine the applicable offense guideline and the appropriate base offense level, and apply "specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two." U.S.S.G. §§ 1B1.1(a) and (b). After applying any relevant Chapter Three adjustments, § 1B1.1(c), the guidelines require that the court then apply applicable adjustments in Parts A and B of Chapter Four, § 1B1.1(f). We have previously held the sequential instructions of § 1B1.1 dictate that any pertinent Chapter Three adjustments are to be incorporated into the "otherwise applicable" offense level, and not into the level provided by Part Four's career offender provision. *United States v. Jeppeson*, 333 F.3d 1180, 1183 (10th Cir. 2003). Logically, then, *Jeppeson* requires that the Chapter Two specific offense characteristics must also be incorporated into the court's initial determination of the "otherwise applicable" offense level, and not into the latter career offender level determined by Chapter Four.[2] Because the attempt provision at issue here is found in Chapter Two, it

<hr/>

[2] "Acceptance of Responsibility," U.S.S.G. § 3E1.1, is the only adjustment that diminishes offense levels set by the table in § 4B1.1(b). *See* U.S.S.G. § 4B1.1(b) ("If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment."). We have concluded from this specific authorization of an acceptance of responsibility reduction in § 4B1.1 that the Sentencing Commission expressly declined to incorporate other Pre-Chapter Four adjustments into the career criminal calculations. *See Jeppeson*, 333 F.3d

-4-

modified Mr. Allen's initial offense level but not the determinative Chapter Four offense level and resulting guidelines range. We therefore need not decide whether the district court erred in refusing to apply the § 2X1.1 reduction for attempt, because even if it did the error was harmless.

Mr. Allen also contends the 151 month sentence imposed by the district court was unreasonably lengthy in light of the 18 U.S.C. § 3553(a) factors. We are not persuaded. The district court explicitly compared the facts of this case to those of other career criminals convicted of bank robbery and sentenced by the court. *See* Rec., vol. V at 40-41. In light of Mr. Allen's serious criminal history and the other 3553(a) factors, the court concluded a sentence at the bottom of the guidelines range was appropriate. Although Mr. Allen provides specific examples of lesser sentences for completed bank robberies, he notes that in at least two of those cases the individual had no prior criminal history. *See* Aplt. Br. at 25 n.1. The guidelines seek parity "among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. 3553(a), and these sentences therefore have limited relevance for Mr. Allen, who carries the additional burden of his significant criminal history. The single case he cites involving a career criminal was expressly considered by the district court during its sentencing of Mr. Allen. *See* Aplt. Br. at 25 n.1; Rec., vol. V at 40. We are not convinced Mr. Allen's

---

at 1184.

sentence was unreasonable.[3]

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[3] Mr. Allen asks us to consider *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006), in which the Eleventh Circuit concluded a *below* guidelines district court sentence was reasonable in light of allegedly analogous facts. This precedent, however, provides little value in evaluating the reasonableness of a *within* guidelines sentence. The breadth of reasonable sentences may broadly encompass both guidelines and non-guidelines sentences, and we cannot ascertain whether the court in *Williams* would have concluded a within guidelines sentence was unreasonable. Thus, even if we were to attach great precedential weight to *Williams*, its holding provides limited guidance in the exercise of our appellate review of Mr. Allen's within guidelines sentence.