[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13239
Non-Argument Calendar
_____

D.C. Docket No. 04-00082-CR-T-24-MSS

UNITED STATES OF AMERICA,

Defendant-Appellee,

versus

LOURDES GONZALES CARDENAS,
a. k. a. Lourdes Gonzalez-Cardenas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Lourdes Gonzales Cardenas appeals his conviction and 135-month sentence imposed after pleading guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

Cardenas was sentenced before the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005), which, among other things, "rendered the [Sentencing G]uidelines effectively advisory [to] comport with the Sixth Amendment . . . ." United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005). Cardenas first argues that he did not knowingly and voluntarily enter into the sentence appeal waiver provision of his plea agreement because, when he entered into the plea agreement and later was sentenced, neither Cardenas nor the district court knew that the Supreme Court's future decision in Booker would render sentencing under a mandatory Guidelines system unconstitutional.

Because the government acknowledges that Cardenas has not raised an issue that would be subject to the sentence appeal waiver provision of his plea agreement, we do not discuss further Cardenas's argument about the applicability of his appeal waiver.[1] To the extent that Cardenas argues that his guilty plea was

---

[1]But, although his briefs do not make this argument clear, it appears that Cardenas could be arguing that the district court erred in sentencing him under a mandatory application of the Guidelines. To the extent that Cardenas raises this argument, Cardenas's claim is barred by the

rendered involuntary by the Supreme Court's decision in <u>Booker</u>, we reject this argument because a guilty plea is not invalidated by a later change in the law. <u>See</u> <u>United States v. Sanchez</u>, 269 F.3d 1250, 1283-85 (11th Cir. 2001) (<u>en</u> <u>banc</u>) (applying <u>Brady v. United States</u>, 90 S.Ct. 1463 (1970), to reject argument that defendants' guilty pleas had been rendered involuntary and unknowing in the light of the Supreme Court's later decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000)).

Cardenas next contends that his guilty plea was involuntary because, according to Cardenas, his lawyer advised him that he would receive a sentence shorter than the sentence ultimately imposed by the district court, even though Cardenas was sentenced at the lowest point of his then-mandatory Guidelines range. We are unpersuaded by Cardenas's argument.[2]

---

sentence appeal waiver in this case, which provides that Cardenas waived the right to appeal his sentence "except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." Based on our review of the record, Cardenas made a knowing and voluntary waiver of his right to appeal his sentence under all but the listed circumstances, which do not apply here. And even if we were to conclude that Cardenas's appeal waiver was invalid, Cardenas's claim still would fail because he has not demonstrated that a reasonable probability existed that the district court would have imposed a lesser sentence on him but for the mandatory Guidelines scheme. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1331-33 (11th Cir. 2005).

[2]Cardenas raised this argument for the first time in his 28 U.S.C. § 2255 motion to vacate to his sentence. The government asserts that, even though Cardenas raised the issue in his section 2255 motion, because he did not move to withdraw his guilty plea with the district court, we should review Cardenas's claim that his guilty plea was involuntary only for plain error. Cardenas asserts that the voluntariness of a guilty plea is an issue that we review <u>de</u> <u>novo</u>. For the reasons that will be

During Cardenas's plea colloquy, the district court judge told Cardenas -- and Cardenas stated that he understood -- that the district court was not required to accept sentencing recommendations made by the parties and could give him the maximum sentence allowed by law. Cardenas also acknowledged that, if he received a sentence higher than what the parties had recommended or if he otherwise disagreed with the sentence imposed, he could not withdraw his guilty plea. Cardenas told the district court that he was not relying on promises made to him outside of his plea agreement and that no one had told him exactly what sentence he would receive in this case. And before entering his guilty plea, Cardenas told the district court judge that he was willing to plead guilty, even though he did not know what sentence he would receive as a result of his guilty plea.

We apply a "strong presumption" that statements made by a defendant during his plea colloquy are true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); therefore, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Nothing in the record shows

discussed, under either standard of review, Cardenas's claim that he involuntarily entered his guilty plea fails.

that Cardenas has satisfied his burden of showing that his sworn statements made during the plea colloquy -- including that no one had predicted what sentence he would receive -- were false; and we reject his claim that his guilty plea was involuntary.

Cardenas also asserts that his 135-month sentence was unreasonable in the light of the factors set out at 18 U.S.C. § 3553(a) because he has two children, has work skills, and had a significant work history before his arrest in this case. He contends that he should have received the statutory minimum sentence of 120 months' imprisonment.

As we have discussed, Cardenas was sentenced before the Supreme Court issued its decision in Booker. For that reason, we question whether we can review his sentence for reasonableness; and we note that other circuits have decided that this review is unavailable to such defendants. See, e.g., United States v. Benedetti, 433 F.3d 111, 120 (1st Cir. 2005) ("[R]eview for reasonableness based on the factors enumerated in section 3553(a) is not applicable to sentences . . . imposed pre-Booker but heard on appeal post-Booker."); United States v. Martinez, 418 F.3d 1130, 1133 n.3 (10th Cir.) (explaining that reasonableness review is inappropriate for sentences imposed before Booker), cert. denied, 126 S.Ct. 841 (2005). Cardenas raised no argument at sentencing about application of

the section 3553(a) factors; and we see no reason to grant Cardenas relief based on the arguments he now makes about receiving a lower sentence.

We affirm Cardenas's conviction and sentence.

AFFIRMED.