FILED
United States Court of Appeals
Tenth Circuit

April 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAUL SOTO-MELCHOR,

Defendant-Appellant.

No. 07-4136

(D. of Utah)

(D.C. No. 2:06-CR-622-TS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Saul Soto-Melchor pleaded guilty to illegal reentry subsequent to an

aggravated assault conviction and deportation. 8 U.S.C. §§ 1326(a)(1), (a)(2),

and (b)(2). Based on an offense level of 19 and a criminal history of IV, he fell

within a sentence range of 46–57 months pursuant to the United States Sentencing

Guidelines (USSG). Soto-Melchor argued his criminal history should have been

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

III instead of IV.  The district court rejected the arguments and sentenced Soto-Melchor to a term of 46 months.

After timely appealing the sentence, Soto-Melchor's counsel submitted an *Anders*[1] brief.  In the brief, counsel noted the same three arguments raised in the district court, concluding them to be without merit.  Soto-Melchor did not file any materials on his own behalf.

Because we agree Soto-Melchor has no meritorious claims on appeal, we AFFIRM his sentence.

## I.  Background

A grand jury indicted Soto-Melchor for illegal reentry of a previously removed alien, and the government filed a notice to enhance his sentence because of a prior conviction for aggravated assault.  8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2).  Soto-Melchor pleaded guilty, and prior to sentencing, the government's Presentence Report (PSR)[2] related the following.

On May 15, 1997, a Utah state court convicted Soto-Melchor of aggravated assault, sentencing him to a jail term of 365 days.  On June 17, 1997, after

---

[1]  *Anders v. California*, 386 U.S. 738 (1967).

[2]  Soto-Melchor's counsel did not include the PSR and the sentencing transcript in the record on appeal, requiring our two orders to supplement the record.  Although on occasion these documents may indeed be unnecessary, we emphasize that, in filing an *Anders* brief, counsel "generally should ensure that copies of all possibly relevant transcripts are included in the record on appeal." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1161 (10th Cir. 2005).

serving a portion of his sentence, Soto-Melchor was deported to Mexico. Two more illegal reentries and deportations followed. After the third deportation, Soto-Melchor again reentered and was arrested in the United States on August 26, 2006.

The PSR calculated a base offense level of eight and added 16 levels for prior deportation subsequent to a crime of violence conviction (aggravated assault). After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21. Based on Soto-Melchor's aggravated assault, prior illegal reentry, and two other convictions for various traffic violations, the PSR calculated a criminal history score of seven. Because the illegal reentry in this case occurred while Soto-Melchor was under a term of supervised release, his criminal history score was increased to nine (category IV). A criminal history category of IV and a total offense level of 21 yielded a guidelines imprisonment range of 57–71 months. Under the applicable statute, 8 U.S.C. § 1326(b)(2), the maximum term of imprisonment for Soto-Melchor's offense is 20 years.

Before sentencing, Soto-Melchor raised three objections to the criminal history calculations in the PSR. Arguing that each of the alleged mistakes overstated his criminal history score by one point, he urged the district court to lower the score by three points. The district court rejected these arguments, but it did reduce Soto-Melchor's offense level to 19, which reflected the parties' fast

track agreement. As a result of the adjustment, the court recalculated the guidelines imprisonment range to be 46–57 months and sentenced Soto-Melchor to 46 months incarceration.

## II. Analysis

Before proceeding to the merits, we note that as part of the fast track agreement Soto-Melchor appears to have waived his right to appeal the imposed sentence. We were not provided a complete transcript to review this claim; accordingly, instead of enforcing the appellate waiver, we address the merits, which are easily disposed of.

We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see also United States v. Smart*, No. 06-6120, 2008 WL 570804, at \*4 (10th Cir. Mar. 4, 2008) (noting, it is now "well settled that we review a district court's sentencing decisions solely for abuse of discretion"). Reasonableness "has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007); *see also Gall*, 128 S. Ct. at 597 (noting, a reviewing court "must first ensure that the district court committed no significant procedural error" and then it should "consider the substantive reasonableness of the sentence").

Because this is an *Anders* appeal, we address the issues noted in counsel's brief, but also conduct our own review of the record to satisfy ourselves that the appeal presents no meritorious issues.

### A.  *Procedural Reasonableness*

We first review Soto-Melchor's sentence for procedural reasonableness, which relates to the manner in which the district court calculated and explained the sentence.  *Gall*, 127 S. Ct. at 597 (noting as examples of "significant procedural error" a district court's "fail[ure] to calculate (or improperly calculating the Guidelines range" and "fail[ure] to adequately explain the chosen sentence").

The PSR in this case reflected the use of the 2005 edition of the Guidelines Manual.  Courts, however, should generally "apply the Guidelines provisions in effect at the time of sentencing."  *United States v. Williams*, 292 F.3d 681, 685 n.2 (10th Cir. 2002); USSG § 1B1.11(a).  Soto-Melchor was sentenced on May 31, 2007, which required the use of the 2006 edition of the Guidelines Manual.  But because the applicable USSG provisions remained unchanged between the two editions—and, as a result, the guidelines range is the same either way—the error in using the wrong Manual is harmless.  *United States v. Jeppeson*, 333 F.3d 1180, 1182 n.2 (10th Cir. 2003) (holding the error to be harmless when the correct application "would not have resulted in a different guideline range").

In the *Anders* brief, Soto-Melchor's counsel addressed three potential procedural errors, the same arguments raised in the district court. At least one of them is clearly frivolous, and the other two offer no grounds to challenge the sentence. Even if resolved in Soto-Melchor's favor, these two alleged errors[3] would result merely in a lower criminal history score (seven instead of nine). But the criminal history category of IV, representing a range of criminal history scores of seven to nine, would remain unchanged, thus producing the same guidelines range. USSG § 5A. Any error would thus be harmless. *Jeppeson*, 333 F.3d at 1182 n.2.

The clearly frivolous argument in the *Anders* brief deals with the criminal history calculations related to Soto-Melchor's two traffic violations. Soto-Melchor was previously convicted of, among other things, driving without a license and providing false information to a police officer. Under USSG § 4A1.2(c)(1), such misdemeanor sentences "are counted only if . . . the sentence was . . . a term of imprisonment of at least thirty days." Although Soto-Melchor was sentenced to 30 days, he apparently served only ten. He thus argues the convictions should be excluded from his criminal history.

The plain language of the Guidelines explains why this argument is clearly frivolous. "The term 'sentence of imprisonment' means a sentence of incarceration and *refers to the maximum sentence imposed*." USSG § 4A1.2(b)(1)

---

[3] Both contentions challenge aspects of his previous state convictions.

(emphasis added). The clarity is further reinforced by the Guidelines'

commentary, explaining that "criminal history points are based on the sentence

pronounced, not the length of time actually served." *Id.* at n.2; *see also United*

*States v. Martinez*, 418 F.3d 1130, 1135 (10th Cir. 2005) (same). Because Soto-

Melchor was sentenced to a jail term of 30 days, regardless of how much time he

actually served, the district court correctly included traffic violations in Soto-

Melchor's criminal history.

In sum, we perceive only harmless errors in the district court's calculation

of Soto-Melchor's sentence.

### B.  Substantive Reasonableness

Post-*Booker*,[4] we review the length of a sentence for substantive

reasonableness. *United States v. Hamilton*, 510 F.3d 1209, 1217–18 (10th Cir.

2007) ("In evaluating the substantive reasonableness of a sentence, we ask

whether the length of the sentence is reasonable considering the statutory factors

delineated in 18 U.S.C. § 3553(a)."). A sentence within the guidelines range is

presumptively reasonable—a rebuttable presumption we may, but do not have to,

apply. *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007); *Gall*,

128 S. Ct. at 597.

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

The district court sentenced Soto-Melchor to 46 months, the low end of the guidelines range. We see nothing to rebut the presumption of reasonableness and thus conclude Soto-Melchor's sentence to be substantively reasonable.

### III.  Conclusion

After a careful review of the record, we conclude Soto-Melchor has no meritorious claims on appeal. We therefore AFFIRM his sentence.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge