FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

BRENT BROWN,

      Defendant–Appellant.

No. 09-3326
(D.C. No. 2:08-CR-20115-CM-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.


Brent Brown appeals his conviction and sentence for possession with intent to

distribute more than fifty grams of cocaine base. In a brief filed pursuant to Anders v.

California, 386 U.S. 738 (1967), Brown's counsel states that there are no non-frivolous

arguments to present on appeal and moves for leave to withdraw. Exercising jurisdiction

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I

In August 2008, the Kansas City, Kansas, Police Department received information from a confidential informant that Brown was selling cocaine base, commonly known as crack cocaine. Officers arranged a controlled buy, in which the confidential informant purchased crack cocaine from Brown. Based on this evidence, police received a warrant to search Brown's residence. Upon executing the warrant, officers found crack cocaine and several firearms. Searching Brown incident to his arrest, officers discovered $7,354 in cash. Police arrested two other individuals at the scene. One of them, Lucious Newton, was carrying approximately $4,660 in cash.

In September 2008, a grand jury indicted Brown on one count of knowingly and intentionally possessing with intent to distribute more than fifty grams of a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and on one count of knowingly using firearms in the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Brown entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with the government. He pled guilty to the possession with intent to distribute charge in exchange for the government's dropping the firearms charge. The plea agreement included an agreed-upon proposed disposition, which was imposed by the district court. Brown expressly waived his right to appeal if the district court accepted this disposition.

-2-

## II

Under Anders, if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and his client, pointing to anything in the record that could potentially present an appealable issue. Id. The client may then choose to offer argument to the court. Id. If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. Brown was served with a copy of counsel's appellate brief, but did not file a response. The government also declined to file a brief.

Upon review of counsel's brief and the record as a whole, we determine that the only possible grounds for appeal would be: (1) that Brown did not knowingly and voluntarily enter into the plea agreement; (2) that the district court erred in overruling an objection to Brown's Presentence Investigation Report ("PSR"); and (3) that Brown's sentence was unreasonable. Any of these arguments would be frivolous.

### A

"[W]e engage in de novo review of the question of whether the plea was knowing and voluntary . . . ." United States v. Black, 201 F.3d 1296, 1300 (10th Cir. 2000). "To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'" United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting Boykin v. Alabama, 395 U.S. 238, 244 (1969)).

The district court fully complied with the requirements of Fed. R. Crim. P. 11(b), and the record discloses Brown had a full understanding of his guilty plea and its consequences. Any argument to the contrary would be frivolous.

**B**

During sentencing, Brown objected to the PSR on the ground that it treated Newton and Brown as having jointly undertaken criminal activity. After hearing argument on the matter, the district court made a factual finding that Brown and Newton jointly participated in a scheme to sell narcotics. This factual finding was amply supported by undisputed facts. Any argument that the district court clearly erred would be frivolous. See United States v. Martinez, 418 F.3d 1130, 1133 (10th Cir. 2005) ("When reviewing a district court's application of the Sentencing Guidelines . . . we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts.").

**C**

We review a district court's sentencing determination for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). A sentencing court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable in light of the factors found in 18 U.S.C. § 3553(a). United States v. Geiner, 498 F.3d 1104, 1107 (10th Cir. 2007). Where, as here, a defendant does not contemporaneously object to the sentencing procedure used, we review the procedure for plain error. United States v. Romero, 491 F.3d 1173, 1176-78 (10th Cir. 2007). In the absence of significant

-4-

procedural error, we determine the substantive reasonableness by looking to the totality of the circumstances. Gall, 552 U.S. at 51. "If the district court correctly calculate[d] the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008).

The district court correctly calculated Brown's Guidelines range, stated that it viewed the Guidelines as advisory, considered the § 3553(a) factors, and explained the basis for the sentence imposed. Moreover, the record shows no clear error in the court's determination of the facts, and nothing in the record could overcome the presumption that Brown's sentence was substantively reasonable. Therefore, any argument that the district court committed plain error in arriving at Brown's sentence would be frivolous.

**III**

For the foregoing reasons, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the court

Carlos F. Lucero
Circuit Judge